Jorge Eliecer Puchana FULA; et al., Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–71049.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 2014.*

Filed Oct. 28, 2014.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**550**

Debra Jade Mundel, David T. Acalin, Marks & Acalin, Los Angeles, CA, for Petitioners.

OIL, Michele Yvette Frances Sarko, Esquire, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, TALLMAN, and BEA, Circuit Judges.

### MEMORANDUM **

Petitioner Jorge Eliecer Puchana Fula ("Fula"), his wife, and his daughter are Colombian citizens applying for asylum due to alleged persecution by drug traffickers and/or a terrorist group for reporting a money laundering scheme to Colombian authorities. The IJ denied asylum and the BIA affirmed.

First, substantial evidence supports the IJ's adverse credibility determination where Fula's oral testimony was inconsistent with his initial written asylum application. *See Kin v. Holder,* 595 F.3d 1050, 1056–57 (9th Cir.2010). Second, the IJ's extensive questioning of Fula did not constitute a Due Process violation. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1072 (9th Cir.2003). Nor did interruptions by the interpreter to clarify translations violate Fula's Due Process rights. *See Gutierrez–Chavez v. I.N.S.,* 298 F.3d 824, 830 (9th Cir.2002). Third, and most importantly, Fula's alleged persecution is not on account of a protected basis. 8 U.S.C. § 1231(b)(3)(A) (2012). Finally, Fula has failed to show that the Colombian government would remain willfully blind to any attempted torture of Fula because it continued to offer Fula a bodyguard. Thus he is not entitled to protection under the Convention Against Torture. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1194 (9th Cir. 2003).

The petition is **DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.